UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROTERIAL CABLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GINA GOETTER,<br><br>Respondent. | **PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUMMONS**<br><br>Case No. |

Petitioner Proterial Cable America, Inc. ("PCA") respectfully petitions this Court, pursuant to Section 7 of the Federal Arbitration Act ("FAA") and Federal Rule of Civil Procedure 45, to enforce an arbitral summons to Ms. Gina Goetter and to compel Ms. Goetter to appear as a witness at an arbitration hearing scheduled for December 8, 2025 in this District.

## INTRODUCTION

PCA is the respondent in an ongoing arbitration administered by the American Arbitration Association, adverse to Harley-Davidson Motor Company, Inc. ("Harley-Davidson"). Ms. Goetter was the Chief Financial Officer of Harley-Davidson's parent company at the time the events at issue in the arbitration took place, and Ms. Goetter has information that is highly relevant to the parties' dispute.

On September 29, 2025, the arbitrator presiding over the underling arbitration, Mr. Usher Winslett (the "Arbitrator"), issued a summons under Section 7 of the FAA, 9 U.S.C. § 7, summoning Ms. Goetter "to attend as a witness at a hearing . . . to be held on December 8, 2025 . . . at the offices of Covington & Burling LLP, One International Place, Suite 1020, Boston, MA." PCA served the

summons on Ms. Goetter and has attempted to contact her repeatedly (including by emails sent to her work email address) to arrange her voluntary compliance with the summons and attendance (remotely, if she would prefer) at the hearing.  But Ms. Goetter has ignored every attempt to contact her, and PCA thus expects that Ms. Goetter intends to neglect to obey the summons.  PCA therefore seeks an order from this Court compelling Ms. Goetter's attendance and testimony before the Arbitrator at the time, date, and place specified in the arbitral subpoena.

## PARTIES

Petitioner Proterial Cable America, Inc. is a New York corporation that manufactures and sells various cable, wire, and tubing products and components.  It has its principal place of business in Purchase, NY.

Respondent Ms. Gina Goetter upon information or belief is a resident of Rhode Island.

Harley-Davidson Motor Company, Inc., a party to the underlying arbitral proceeding, is a corporation organized under the laws of Wisconsin, with its principal place of business in Milwaukee, Wisconsin.

## JURISDICTION AND VENUE

This action is brought pursuant to the FAA, 9 U.S.C. § 7, which authorizes PCA to petition a United States District Court to compel the attendance of or punish a person for refusing to obey a subpoena issued by an arbitrator:

> if any person or persons so summoned to testify shall refuse or neglect to obey said [arbitral] summons, upon petition the United States district court for the district in which such arbitrators . . . are sitting may compel the attendance of such person . . . before said arbitrator . . ., or punish said person or persons for contempt.

9 U.S.C. § 7.

This section of the FAA further "provides a statutory basis for personal jurisdiction." *Broumand v. Joseph*, 522 F. Supp. 3d 8, 18 (S.D.N.Y. 2021); *see also Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1157 (11th Cir. 2019).

Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 given diversity of citizenship and that the amount in controversy exceeds $75,000.

The hearing at issue is to take place in Boston. That is the judicial district in which the arbitrator is "sitting" for the purposes of the summons. *See Moyett v. Lugo-Sanchez*, 321 F. Supp. 3d 263, 267 (D.P.R. 2018) ("Because the arbitrators sit in Puerto Rico for the purpose of the . . . hearings, the Court [the U.S. District Court for the District of Puerto Rico] possesses the authority to enforce the arbitral subpoenas pursuant to section 7 of the FAA.").

## BACKGROUND

PCA and Harley-Davidson are adverse parties in ongoing arbitration administered by the American Arbitration Association (the "Arbitration"). Declaration of Erin Thomas ("Thomas Decl.") ¶ 3. In that dispute, Harley-Davidson seeks to recover purported losses substantially in excess of the amount-in-controversy requirement of $75,000 that it claims it lost as a result of PCA's actions. *Id.* Ms. Goetter served as the CFO of Harley-Davidson's parent company, Harley-Davidson, Inc., during the entire period for which Harley-Davidson claims damages, and in discovery Harley-Davidson has produced documents from Ms. Goetter's files. *Id.* ¶¶ 3, 4. PCA seeks to examine Ms. Goetter about those documents as well as statements she made in her capacity as CFO during Harley-Davidson, Inc.'s quarterly earnings calls.

Therefore, on September 22, 2025, PCA requested the Arbitrator to issue a summons under Section 7 of the FAA for Ms. Goetter to provide testimony at an arbitration hearing. *Id.* ¶ 5. Harley-Davidson did not oppose the request, and the Arbitrator issued the summons on September 29, 2025 for her "to attend as a witness at a hearing before the undersigned arbitrator to be held on December 8,

2025, at 10:00 am at the offices of Covington & Burling LLP, One International Place, Suite 1020, Boston, MA 02110-2627." *Id.* ¶¶ 5.  A copy of the summons is enclosed as **Exhibit A** hereto.  *See id.*

On October 3, 2025, PCA contacted Ms. Goetter via email, through her employer's general counsel, Tarrant Sibley, and attached a copy of the Summons.  *Id.* ¶ 6.  Mr. Sibley confirmed that he conveyed PCA's message to Ms. Goetter.  *Id.*  On October 6, 2025, PCA notified Ms. Goetter via email of PCA's intention to call her as a witness, attaching the summons.  *Id.* ¶ 7.  On October 8, 2025, PCA formally served Ms. Goetter with a copy of the Summons via certified mail.  *Id.* ¶ 8.  Although Mr. Sibley, the general counsel of Ms. Goetter's employer, has confirmed that Ms. Goetter is aware of the Summons, as of October 29, Ms. Goetter has not provided any response whatsoever regarding her attendance at the December 8, 2025 hearing in Boston.

## ARGUMENT

Section 7 of the FAA grants authority for an arbitral tribunal in the United States to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with . . . them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7.

If the person summoned "shall refuse or neglect to obey said [arbitral] summons," upon petition, the U.S. district court for the district in which the arbitrator is sitting "may compel the attendance of such person . . . before said arbitrator . . . or punish said person . . . for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States."  9 U.S.C. § 7.

Here, the Arbitrator exercised his authority to summon Ms. Goetter to appear before him at a hearing.  Ms. Goetter has failed to confirm her attendance at the hearing without providing any excuse whatsoever.  Ms. Goetter is thus a party properly served with a summons duly issued under federal law,

and is refusing or neglecting to obey the summons. Accordingly, an order compelling her appearance is warranted under Section 7.

This petition does not present any issues of geographic limitation. The FAA permits nationwide service of an arbitral subpoena, and the target may be ordered to appear at any hearing taking place within 100 miles of where that person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A); *see Broumand*, 522 F. Supp. 3d at 21. The summons complies with this requirement because Ms. Goetter is an employee of Hasbro, Inc., located in Pawtucket, Rhode Island, and is, upon information and believe, a resident of Rhode Island, and the hearing she has been summoned to attend shall take place approximately 50 miles away in Boston, Massachusetts.

Finally, this Court is not burdened with evaluating issues of relevance, materiality, burden, or similar objections because Ms. Goetter can raise such considerations to the Arbitrator. *See Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F. 3d 126, (2d Cir. 2020) ("[U]nder section 7 of the FAA, the district court was not obliged to consider objections based on Rule 45."); *see also* Restatement (Third) U.S. Law of Int'l Comm. Arb. § 3.4, cmt. c (1) ("[W]hen called upon to assess arbitral subpoenas, [courts] ordinarily do not, for example, conduct an independent review of the materiality of the information requested in the summons."). Federal law thus recognizes that the arbitrator is "better positioned than this Court to make any assessment of whether the non-parties' testimony is material, cumulative, or otherwise objectionable." *Shasha for Violet Shuker Shasha Living Tr. v. Malkin*, 2018 WL 3323818, at *2 (S.D.N.Y. July 5, 2018).

## CONCLUSION

For the foregoing reasons, the Court should enter an Order pursuant to 9 U.S.C. § 7 compelling Gina Goetter to comply with the arbitral summons and appear as a witness at an arbitration hearing to be held on December 8, 2025, at 10:00 am at the offices of Covington & Burling LLP, One International

Place, Suite 1020, Boston, MA 02110-2627.  To the extent Ms. Goetter does not comply with the summons, this Court should hold her in contempt pursuant to Federal Rule of Civil Procedure 45(g).

|  |  |
|---|---|
| Boston, MA<br>October 30, 2025 | Respectfully submitted,<br>By: _____/s/_____ |

Mona Patel (Bar Number: 641007)
COVINGTON & BURLING LLP
One International Place, Suite 1020
Boston, MA 02110-2627
mpatel@cov.com
T +1 617 603 8804

Jonathan M. Sperling *(pro hac vice forthcoming)*
Erin Thomas *(pro hac forthcoming)*
Anders Linderot *(pro hac vice forthcoming)*
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001-2170
jsperling@cov.com
ethomas@cov.com
alinderot@cov.com
+1 212 841 1000

*Attorneys for Petitioner Proterial Cable America, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this **PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUMMONS** and all accompanying documents have been sent via email and by first-class mail to Ms. Goetter at the addresses below:

Gina Goetter
Chief Financial Officer and Chief Operating Officer
Hasbro, Inc.
1027 Newport Avenue
Pawtucket, RI 02862
Gina.Goetter@hasbro.com

/s/
Mona Patel
COVINGTON & BURLING LLP
One International Place, Suite 1020
Boston, MA 02110-2627
mpatel@cov.com
T +1 617 603 8804